## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> GLOBAL MOLECULAR LABS, LLC, § <br> § <br> *Debtor*. § <br> § | CHAPTER 7 <br><br> CASE NO. 17-34618-HDH-7 <br> (Jointly Administered) |
| JAMES W. CUNNINGHAM, CHAPTER § <br> 7 TRUSTEE FOR GLOBAL § <br> MOLECULAR LABS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> AETNA HEALTH, INC. AND AETNA § <br> MEDICAID ADMINISTRATORS LLC, § <br> § <br> Defendants. § <br> § | ADVERSARY NO. 19-03144 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Aetna Health Inc. and Aetna Medicaid Administrators LLC (collectively, "Aetna"), hereby answer the complaint filed against them by James W. Cunningham, Chapter 7 Trustee for Global Molecular Labs, LLC ("GML"), and Aetna asserts the affirmative defenses stated below. In support of its answer and affirmative defenses, Aetna states as follows:

### JURISDICTIONAL MATTERS

The Complaint alleges federal question jurisdiction, but it does not allege jurisdiction under 28 U.S.C. §1334. To the extent that the plaintiff asserts that jurisdiction is present under 28 U.S.C §1334, Aetna reserves any and all rights to challenge jurisdiction under 28 U.S.C.

§1334. Without prejudice to any right to challenge jurisdiction under 28 U.S.C. §1334, and as required by Bankruptcy Rule 7008, Aetna asserts that the matters raised by the complaint are not core proceedings and Aetna does not consent to the entry of final orders or judgments by this Bankruptcy Court. Additionally, Aetna has asserted jury trial rights in this pleading and Aetna does not consent to a jury trial before this Bankruptcy Court. Finally, through a contemporaneous filing, Aetna will move to withdraw the reference of this adversary proceeding to the United States District Court for the Northern District of Texas, and Aetna reserves all rights, including rights under 28 U.S.C. §157(d), to seek withdrawal of the reference in this pleading.

## ANSWER

1. Aetna is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph, and Aetna therefore denies them.

2. Aetna admits the allegations in the corresponding paragraph.

3. Aetna admits the allegations in the corresponding paragraph.

4. Aetna denies the allegations in the corresponding paragraph. By way of further response, despite GML's filing of the complaint in this this Bankruptcy Court, the complaint does not assert jurisdiction under 28 U.S.C. §1334, and it does not address whether the jurisdiction of this Court is "arising in," "arising under," or "related to," or whether this matter is "core" or "non-core." To the extent jurisdiction exists under 28 U.S.C. § 1334, all claims subject to such jurisdiction are "related to" this bankruptcy case. To the extent GML asserts jurisdiction under 28 U.S.C. §1334, Aetna asserts that all of GML's claims are non-core proceedings and Aetna does not consent to entry of final orders of judgments by the Bankruptcy Court.

Contemporaneous with this answer, Aetna has filed or will file a motion to withdraw the reference under 28 U.S.C. §157(d), and Aetna fully incorporates the motion in this answer.

5. Aetna admits only that it is subject to the personal jurisdiction of Texas courts. Aetna denies the remainder of the allegations in the corresponding paragraph. By way of further response, Aetna does not consent to entry of final orders of judgments by the Bankruptcy Court. *See* Paragraph 4 above.

6. Aetna denies the allegations in the corresponding paragraph. *See* Paragraph 4 above.

7. Aetna is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph, and Aetna therefore denies them.

8. Aetna admits only that most of GML's claims are governed by the Employee Retirement Income and Security Act ("ERISA"). Aetna denies the remainder of the allegations in the corresponding paragraph.

9. Aetna admits the allegations in the corresponding paragraph.

10. Aetna denies the allegations in the corresponding paragraph.

11. Aetna is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph, and Aetna therefore denies them.

12. Aetna is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph, and Aetna therefore denies them.

13. Aetna denies the allegations in the corresponding paragraph.

14. Aetna denies the allegations in the corresponding paragraph.

15. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

16. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

17. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

18. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

19. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

20. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

21. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

22. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

23. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

24. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

25. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

26. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

27. Aetna denies the allegations in the corresponding paragraph, and Aetna further denies that GML is entitled to any of the relief it requests.

## AFFIRMATIVE DEFENSES

28. Aetna asserts as an affirmative defense its rights to credits and reductions with respect to any damages that could potentially be awarded to GML, if any, for any overpayments or payments previously made in error or as the result of GML's fraud, wrongful conduct, or improper billing practices in connection with "pass-through" billing schemes. This includes, among other things, GML's conspiracy with Benchmark Health Network, LLC ("Benchmark"), Faith Community Hospital and others to use the hospital as a billing front to fraudulently bilk Aetna out of millions of dollars. GML and its co-conspirators did so by submitting or causing the submission of claims to Aetna misrepresenting that Faith Community Hospital performed lab services for its own patients, when in reality, the tests at issue were referred to and performed by GML and other out-of-network labs for Aetna members who were never present at Faith Community Hospital or treated by the hospital's physicians. GML conspired with Faith Community Hospital, Benchmark and others to fraudulently use the hospital as a billing front in order to take advantage of the hospital's contract with Aetna, which generally requires Aetna to pay significantly more for lab services provided by and at the hospital for its own patients than Aetna would normally pay (if at all) for claims submitted directly by an out-of-network lab like GML. After Aetna remitted money to Faith Community Hospital as a result of these fraudulent and otherwise improper claims, GML, the hospital, Benchmark and their co-conspirators divvied up the ill-gotten gains. Upon information and belief, GML. Benchmark, Faith Community

Hospital and their other co-conspirators obtained the specimens that fueled their fraudulent billing scheme by giving kickbacks and other improper incentives to medical providers in exchange for their referrals of the specimens, and Benchmark was responsible for soliciting providers on behalf of, and to make referrals to, GML, Faith Community Hospital and other co-conspirator facilities and labs.  For the avoidance of doubt, and without waiver of any rights or remedies available to Aetna, this affirmative defense seeks only to reduce GML's claims against Aetna, and it does not seek any affirmative relief or damages from or against the bankruptcy estate.

29. Aetna also asserts as an affirmative defense its rights to credits and reductions with respect to any damages that could potentially be awarded to GML, if any, for any overpayments or payments previously made in error or as the result of GML's fraud, wrongful conduct, or improper billing practices in connection with direct billing schemes involving claims submitted to Aetna by GML under its own name and information.  As part of these direct billing schemes, GML defrauded and improperly billed Aetna by, *inter alia*, submitting claims for tests that were excessive and had no medical utility.  In addition, GML defrauded and improperly billed Aetna by submitting multiple claims for the same services, and GML's claims contained egregious and inflated charges.  For the avoidance of doubt, and without waiver of any rights or remedies available to Aetna, this affirmative defense seeks only to reduce GML's claims against Aetna, and it does not seek any affirmative relief or damages from or against the bankruptcy estate.

30. GML's claims are barred, in whole or in part, because GML has failed to state a claim upon which relief can be granted.

31.   GML's claims are barred, in whole or in part, because GML has failed to satisfy all conditions precedent for recovery.

32.   GML's claims are barred, in whole or in part, because there are express contracts (*i.e.,* healthcare benefit plans) that govern the reimbursement of healthcare benefits.

33.   GML's claims are barred, in whole or in part, by the doctrine of unclean hands.

34.   GML's claims are barred, in whole or in part, by the statute of frauds.

35.   GML's claims are barred, in whole or in part, by estoppel, including to the extent GML misrepresented services provided, omitted relevant information concerning services provided, misrepresented the charges for services, or otherwise falsely, fraudulently or improperly submitted claims for reimbursement.

36.   GML's claims are barred, in whole or in part, by the doctrines of waiver, ratification, and/or laches.

37.   GML cannot recover for duplicative charges.

38.   To the extent GML seeks punitive and/or exemplary damages, GML's complaint fails to state a claim upon which relief can be granted relating to a claim for punitive and/or exemplary damages, and such a claim is improper, barred and limited.

39.   GML's claims are barred, in whole or in part, because GML failed to mitigate its alleged damages.

40.   GML's claims are barred, in whole or in part, because any damages allegedly sustained by GML were caused by GML's own acts or omissions or the acts or omissions of third parties.

41. GML's claims are barred, in whole or in part, because Aetna processed the medical claims at issue in accordance with any applicable terms, rules, policies, procedures, and regulations.

42. GML's claims are barred, in whole or in part, because any decisions made by Aetna regarding the medical claims at issue were proper and correct under the terms of benefit plans, applicable plan documents, coverage policies, or any other applicable laws, rules nd regulations.

43. GML's claims are barred, in whole or in part, because Aetna's actions with respect to the claims at issue were not arbitrary or capricious.

44. GML's claims are barred, in whole or in part, because Aetna's actions with respect to the claims at issue were not an abuse of discretion.

45. GML's state law claims are barred, in whole or in part, because they are preempted by ERISA.

46. GML's claims are barred, in whole or in part, because GML failed to timely appeal or otherwise exhaust its administrative remedies. Furthermore, GML cannot recover to the extent it did not timely submit or appeal the claims at issue.

47. GML failed to perform all conditions necessary to recover in this action.

48. GML's claims are barred, in whole or in part, because GML's claims are untimely. GML's claims are barred by limitations, including the applicable statutes of limitations, and additionally, or alternatively, contractual limitations in the underlying health plans.

49. GML's claims are barred, in whole or in part, because GML lacks standing.

50. GML's billed charges are unreasonable and/or excessive and/or in violation of state law. *See, e.g.*, Tex. Health & Safety Code Ann. § 311.0025(a).

51. GML's claims fail to the extent GML waived Aetna members' cost-sharing obligations, as required for the use of out-of-network providers under applicable health plans, or has otherwise engaged in "fee-forgiveness" in violation of state law. *See, e.g.*, Tex. Ins. Code Ann. § 552.003(a)(1)-(2); Tex. Occ. Code Ann. § 105.002; Tex. Occ. Code § 101.201(b)(6)-(7). Moreover, the applicable plans do not cover any portion of a charge that the member is not required to pay or for which the member is not billed.

52. GML's claims fail to the extent there is no private right of action under the Texas Insurance Code.

53. To the extent GML seeks benefits pursuant to any benefit plan established pursuant to Medicare, including Medicare regulations and guidelines, any state law claim asserted by GML is preempted by Medicare regulations and guidelines. To the extent GML's claims related to Medicare-governed plans, GML's remedies for any alleged acts or omissions are limited solely to those afforded by Medicare.

54. To the extent the GML seeks benefits pursuant to any benefit plan established pursuant to the Federal Employees Health Benefits Act ("FEHBA"), any state law claims asserted by Plaintiffs are preempted by FEHBA. To the extent GML's claims relate to FEHBA plans, GML's remedies for any alleged acts or omissions are limited solely to those afforded by FEHBA.

55. To the extent GML seeks benefits pursuant to any benefit plan established pursuant to a local government plan, established under Texas Local Government Code Chapter 172, GML cannot recover any such benefits pursuant to the Texas Local Government Code.

56. GML cannot recover for alleged violations of the Texas Prompt Pay Act to the extent the claims submitted were not clean claims and/or not timely submitted or appealed.

57. To the extent certain Aetna members at issue in this lawsuit were beneficiaries of self-funded health benefit plans, GML cannot recover damages under the Texas Insurance Code.

58. To the extent certain Aetna members at issue in this lawsuit were beneficiaries of the Teachers Retirement System of Texas Plan (the "TRS Plan"), GML cannot recover damages under the Texas Insurance Code.

59. To the extent certain Aetna members at issue in this lawsuit were beneficiaries of a Medicare plan, a FEHBA plan, the TRS Plan, or any other federal or state plan, GML's claims are barred by the doctrines of sovereign, governmental, and/or official immunity.

60. GML's claims fail for lack of subject matter jurisdiction to the extent Aetna is no longer the claims administrator for any self-funded plans.

61. GML's claims are barred, in whole or in part, to the extent GML failed to submit proper proof or documentation of services.

62. GML cannot recover on its claims to the extent the services provided were not medically necessary, were experimental or investigational, were incidental to other charges, or were not pre-authorized or pre-certified as required by applicable benefit plans.

63. GML cannot recover on its claims to the extent that they exceed usual, customary, and reasonable charges, or the prevailing fees, recognized charges, or other similar language, under the terms of the respective plans.

64. GML cannot recover to the extent it failed to properly submit claims.

65. GML's claims are barred, in whole or in part, to the extent it seeks reimbursement for services, procedures, or fees for which a member had no legal responsibility to pay or for which a charge would not ordinarily have been made in the absence of insurance coverage.

66. GML lacks standing to recover on claims to the extent GML did not have a valid or effective assignment of benefits for medical claims.

67. GML's claims are barred, in whole or in part, because GML is not entitled to use assignments of benefits obtained by illegal means.

68. GML cannot recover upon its claims to the extent the services at issue were out-of-network and the respective plans provide no such benefits.

69. GML's claims fail because its charges were egregious, inflated, and exceeded the covered expenses or benefits payable under the terms of the applicable health plans.

70. Aetna asserts the affirmative defense of fraud.

71. Aetna reserves the right to amend or supplement its affirmative defenses as it obtains additional information through discovery or otherwise, and its right to seek additional relief.

## JURY DEMAND

72. Aetna demands a trial by jury.

73. Through a separate, contemporaneous filing, Aetna will file a motion to withdraw reference under 28 U.S.C. §157(d).

## WITHDRAWAL OF REFERENCE

74. Through this filing, which Aetna submits for timeliness purposes in accordance with 28 U.S.C. §157(d), and for the reasons more fully stated in Aetna's incorporated motion to withdraw reference, Aetna requests withdrawal of the reference in this adversary proceeding.

**PRAYER**

WHEREFORE, Defendants Aetna Health Inc. and Aetna Medicaid Administrators LLC respectfully request that Plaintiff take nothing, and that Defendants be awarded attorneys' fees and costs, and such other and further relief to which Defendants may be justly entitled.

**Respectfully submitted,**

By: /s/ Richard W. Ward
Richard W. Ward (Texas Bar. No. 20846350)
6860 N. Dallas Parkway, Suite 200
Plano, TX 75024
T: (214) 220-2402
F: (972) 499-7240
rward@airmail.com

-and-

Robert J. Fogarty*
E. Sean Medina*
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
T: (216) 621-0150
F: (216) 241-2824
rjf@hahnlaw.com
emedina@hahnlaw.com

-and-

Jordann R. Conaboy*
FOX ROTHSCHILD LLP
10 Sentry Parkway, Suite 200
PO Box 3001
Blue Bell, PA 19422
T: (610) 397-2205
F: (610) 397-0450
jconaboy@foxrothschild.com

*Counsel for Aetna Health Inc and Health Medicaid Administrators LLC*

*Motion for *pro hac vice* admission forthcoming

## Certificate of Service

I certify that, on November 13, 2019, Aetna caused service of a true and correct copy of the foregoing upon all counsel of record *via* ECF and upon Jeffery R. Seckel by email at JSeckel@mcslaw.com.

/s/ Richard W. Ward
Richard W. Ward