IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>GLOBAL MOLECULAR LABS, LLC,<br><br>*Debtor*. | CHAPTER 7<br><br>CASE NO. 17-34618-HDH-7<br>(Jointly Administered) |
| JAMES W. CUNNINGHAM, CHAPTER 7 TRUSTEE FOR GLOBAL MOLECULAR LABS,<br><br>*Plaintiff*,<br><br>v.<br><br>AETNA HEALTH, INC. AND AETNA MEDICAID ADMINISTRATORS LLC,<br><br>*Defendants*. | ADVERSARY NO. 19-03144 |

### DEFENDANTS' MOTION TO WITHDRAW REFERENCE

Defendants Aetna Health Inc. and Aetna Medicaid Administrators LLC (collectively, "Aetna"), hereby file this motion under 28 U.S.C. §157(d) to withdraw the reference to the United States District Court for the Northern District of Texas, Dallas Division. In support of this motion, Aetna states as follows:

1.      On September 27, 2019, Plaintiff James C. Cunningham, Chapter 7 Trustee for Global Molecular Labs, LLC ("GML") commenced this adversary proceeding by filing a complaint against Aetna (the "Complaint") in this Court.

2. Paragraph 4 of the Complaint asserts the alleged jurisdictional grounds for this adversary proceeding, which are 28 U.S.C. §1331, 29 U.S.C. §1132(e) and 29 U.S.C. §1367. (*See* Dkt. No. 1, Complaint at ¶ 4.) The Complaint does not allege jurisdiction under 28 U.S.C. §1334.

3. Aetna filed an answer (the "Answer") to the Complaint. The Answer includes a jury demand as well as notice that Aetna does not consent to a jury trial in this Bankruptcy Court. Additionally, in order to avoid waiving any rights, Aetna asserts in the Answer that GML's claims in this adversary proceeding are not core proceedings, and that Aetna does not consent to the entry of final orders or judgments by this Bankruptcy Court. Finally, to ensure compliance with the timeliness requirement of 28 U.S.C. §157(d), the Answer demands withdrawal of the reference for this adversary proceeding.

4. Aetna also asserts in the Answer that GML's state law claims are preempted by federal laws, including, but not limited to, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (*See*, *e.g.*, Answer at ¶ 44.)

5. The second sentence of 28 U.S.C. §157(d) mandates withdrawal of the reference if the claims in the subject adversary proceeding require consideration of "other laws of the United States regulating organizations or activities affecting interstate commerce." *See* 28 U.S.C. §157(d).

6. The Complaint in this case contains the following causes of action:

    a. Breach of Contract (Dkt. No. 1, Complaint at ¶¶ 15-18);

    b. Bad Faith/Deceptive Insurance Practices (*id.* at ¶19);

    c. Violation of the Texas Prompt Payment Act (*id.* at t ¶¶20-21);

    d. Breach of Plan Provisions for Benefits in Violation of ERISA §502(A)(1)(B) (*id.* at t ¶¶22-23);

  e. Denial of Full Fair Review in Violation of ERISA §503 (*id.* at t ¶¶24-25); and

  f. Attorneys' Fees (*id.* at t ¶ 26).

7. Aetna challenges all of the state law claims relating to ERISA-based health plans—which GML concedes "[m]ost" of its claims are (Dkt. No. 1 at ¶ 8)—as preempted by ERISA. (*See*, *e.g.*, Answer at ¶ 44.) This alone clearly and indisputably establishes that laws of the United States besides Title 11 must be considered and interpreted to resolve the issues raised by claims asserted in the Complaint.

8. In addition, since the only federal claims stated in the Complaint are based on ERISA, a federal statute, and GML alleges federal jurisdiction only under 28 U.S.C. §1331 and ERISA, the Complaint is subject to mandatory withdrawal of the reference.

9. In short, the second sentence of 28 U.S.C. §157(d) is fully satisfied and withdrawal of the reference is mandatory because of the need to consider federal law with respect to Aetna's challenges to GML's state law claims as preempted by ERISA, and with respect to the merits of GML's federal claims. *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996); *In re Ionosphere Clubs*, 922 F.2d 984, 995 (2nd Cir. 1990).

10. Subject to and without waiver of its preemption challenges, Aetna also has a Seventh Amendment right to jury trial on GML's breach of contract claim. Aetna has asserted this right in its Answer, and Aetna does not consent to a jury trial by this Bankruptcy Court.

11. Since Aetna has stated that it does not and will not consent to a jury trial in the Bankruptcy Court or, to the extent applicable, entry of final orders and judgments by the Bankruptcy Court, the reference must be withdrawn and any further actions by this Court in this case would be unconstitutional. *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011);

*Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985) (Fifth Circuit indication, prior to *Stern*, that a jury demand requires withdrawal of the reference to avoid constitutional issues).

12. In addition to mandatory withdrawal under the second sentence of 28 U.S.C. §157(d), the reference should be withdrawn for the following reasons:

   a. The jurisdictional allegations of the Complaint, which omit bankruptcy jurisdiction under 28 U.S.C. §1334, establish that the matters are so non-bankruptcy related that only a federal district court should resolve them;

   b. Aetna's demand for a jury trial and its non-consent to a jury trial by this Bankruptcy Court require withdrawal of the reference to preserve Aetna's constitutional right to a jury trial; and

   c. Aetna's non-consent to entry of final orders and judgments by this Bankruptcy Court establishes that judicial efficiency and economy is best and most efficiently served by resolution of this matter in a federal district court.

WHEREFORE Aetna requests that the reference of this adversary proceeding be withdrawn to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief as is just and proper.

**[SIGNATURE BLOCK ON NEXT PAGE]**

**Respectfully submitted,**

By/s/ Richard W. Ward
  Richard W. Ward (Texas Bar. No. 20846350)
  6860 N. Dallas Parkway, Suite 200
  Plano, TX 75024
  T: (214) 220-2402
  F: (972) 499-7240
  rward@airmail.com

-and-

Robert J. Fogarty*
E. Sean Medina*
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
T: (216) 621-0150
F: (216) 241-2824
rjf@hahnlaw.com
emedina@hahnlaw.com

-and-

Jordann R. Conaboy*
FOX ROTHSCHILD LLP
10 Sentry Parkway, Suite 200
PO Box 3001
Blue Bell, PA 19422
T: (610) 397-2205
F: (610) 397-0450
jconaboy@foxrothschild.com

*Counsel for Aetna Health Inc and Health Medicaid Administrators LLC*

*Motion for *pro hac vice* admission forthcoming

**Certificate of Service**

I certify that, on December 9, 2019, Aetna caused service of a true and correct copy of the foregoing upon all counsel of record *via* ECF and upon Jeffery R. Seckel by email at JSeckel@mcslaw.com.

/s/ Richard W. Ward
Richard W. Ward


I certify that on November 13, 2019, I contacted Jeffery R. Seckel by telephone to discuss the relief requested herein and he replied by email on November 14, 2019, that the Trustee did not oppose withdrawal of the reference and the Trustee consents to hearing of all pretrial matters by the Bankruptcy Court after withdrawal of the reference. For purpose of avoidance of waiver or consent, the defendants reassert their non-consent to issuance of final judgment or order, or rulings on pre-trial matters, by the bankruptcy court.

/s/ Richard W. Ward
Richard W. W Ward