



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 27, 2020**

**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Global Molecular Labs, LLC, | § § | Case No. 17-34618 |
| Debtor. | § § § | Chapter 7 |
| James W. Cunningham, Chapter 7 Trustee for Global Molecular Labs, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 19-03144 |
| Aetna Health, Inc. and Aetna Medicaid Administrators, LLC, | § § § § | |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION TO DISTRICT COURT
### REGARDING MOTION TO WITHDRAW THE REFERENCE

On December 9, 2019, Aetna Health, Inc. and Aetna Medicaid Administrators, LLC (the "Defendants") filed the *Defendants' Motion to Withdraw the Reference* [Docket No. 6] (the "Motion") requesting that the District Court withdraw the reference of the above-captioned

1

adversary proceeding (the "Adversary Proceeding") to the Bankruptcy Court.  Pursuant to Federal Rule of Bankruptcy Procedure 5011 and Local Bankruptcy Rule 5011-1, the Bankruptcy Court held a status conference regarding the Motion on January 23, 2020 (the "Status Conference") and now submits the following report and recommendation to the United States District Court:

1. A response to the Motion has not been filed.  At the Status Conference, counsel for the Plaintiff indicated that the Motion is not opposed.

2. The parties have agreed to abate the Adversary Proceeding pending a determination of the Motion.

3. The Adversary Proceeding involves non-core matters under 28 U.S.C. § 157.  The parties do not consent to the entry of a final judgment on non-core claims by the Bankruptcy Court.

4. The Defendants have requested a jury trial and indicated that they do not consent to the bankruptcy judge conducting the jury trial, as would be required for the bankruptcy judge to conduct the jury trial under 28 U.S.C. § 157(e).

5. Shortly after the Adversary Proceeding was filed, the Bankruptcy Court entered a scheduling order [Docket No. 3], but at the Status Conference, the parties stated their intention to seek a modification of the current scheduling order after holding a discovery conference.

6. The parties are not ready for trial.

7. There are three additional considerations that the Bankruptcy Court believes are relevant to the Motion.  First, the Defendants raised an issue regarding jurisdiction in the Motion.  Paragraph 4 of the Plaintiff's Complaint asserts the alleged jurisdictional grounds for the Adversary Proceeding as 28 U.S.C. § 1331, 29 U.S.C. § 1132(e), and 29 U.S.C. § 1367, but not 28 U.S.C. § 1334 (bankruptcy jurisdiction).  Nevertheless, the Bankruptcy Court believes it has subject matter jurisdiction in this Adversary Proceeding under 28 U.S.C. § 1334(b), as the claims herein are related to a case under title 11.  Thus, pursuant to 28 U.S.C. § 157(c), the Bankruptcy

Court believes it has jurisdiction to hear the Adversary Proceeding but does not have authority to enter final orders or judgment.

8.      Second, while the Bankruptcy Court does not lack subject matter jurisdiction, the claims in the Adversary Proceeding have very little to do with bankruptcy law.  They consist of one count for breach of contract and then several counts for causes of action under the Texas Insurance Code and ERISA.

9.      Third, in addition to this Adversary Proceeding, the Plaintiff has filed eleven other complaints against insurance companies with similar allegations and causes of action.[1]  In order to avoid inconsistent results or the duplication of efforts, if the reference is withdrawn in the Adversary Proceeding, it may make sense to also withdraw the reference for the other similar actions as well.

10.     The Bankruptcy Court recommends that the District Court grant the Motion and withdraw the reference.  In the event that the District Court decides to refer pre-trial matters in the Adversary Proceeding, the Bankruptcy Court is ready, willing, and able to handle those matters. If, however, the District Court believes one of the Magistrate Judges may have more familiarity with the types of causes of action in this Adversary Proceeding, it may be preferable to refer the Adversary Proceeding and the other similar actions to a Magistrate Judge.

### End of Report and Recommendation ###

---

[1] Adversary proceeding numbers 19-3158, 19-3159, 19-3180, 19-3181, 19-3183, 19-3186, 19-3188, 19-3189, 19-3198, 19-3199, and 19-3200.